

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2006

# Stover v. Camp

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4215

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Stover v. Camp" (2006). *2006 Decisions.* Paper 1019.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1019

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4215

JEFFREY L. STOVER; RHONDA STOVER, his wife;
JEFFREY LYNN STOVER, JR., a minor, by and
through JEFFREY L. STOVER and RHONDA STOVER,
his parents and natural guardians,
Appellants

v.

CHARLES WILLIAM CAMP; DOROTHY CAMP;
CHARLES CAMP; SMITH TOWNSHIP; OFFICER ERIC MAGA,
individually and as an officer of the Smith Township Police Department;
ROBERT W. KING, individually and as Chief of the Smith
Township Police Department; SMITH TOWNSHIP FIRE DEPARTMENT

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 03-cv-01233)
District Judge: Honorable David S. Cercone

Submitted Under Third Circuit LAR 34.1(a)
May 18, 2006

Before: RENDELL and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>,
and ACKERMAN*, <u>District Judge</u>.

(Filed May 31, 2006)

---

* Honorable Harold A. Ackerman, Senior District Judge for the District of New Jersey,
sitting by designation.

OPINION OF THE COURT

RENDELL, Circuit Judge.

This case arose out of an automobile accident that severely injured Jeffrey Stover, Rhonda Stover, and their son Jeffrey Stover, Jr. The Stovers brought a civil rights action against, *inter alia*, Smith Township, its chief of police, and a Township police officer, alleging that their accident was caused by a "state-created danger." The District Court dismissed this claim on a Rule 12(b)(6) motion and the Stovers now appeal. We review de novo a grant of a motion to dismiss, accepting as true all allegations in the complaint and all reasonable inferences that can be drawn after construing the allegations in the light most favorable to the plaintiffs. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). We will affirm the District Court.

The Stovers' complaint alleges that on August 23, 2000 Jeffrey Stover was driving on the Atlas-Cherry Valley Road in Smith Township with his wife, Rhonda, and their children, Jeffrey, Jr. and Ashley. Near the intersection of Ostop and Ridge Roads, their vehicle was struck by a Ford Ranger owned by Dorothy and Charles Camp and driven by their grandson, Charles William Camp. The Ranger was traveling at approximately 100 miles per hour, more than twice the 40 mile per hour speed limit. It ran through a stop sign, lost contact with the ground as it came over the crest of a hill, crossed the centerline of the road, and smashed into the Stovers' car. Camp was driving with a suspended

2

driver's license. While all three plaintiffs were injured in the accident, Jeffrey, Jr., who was just five years old at the time, suffered anoxic brain injury that resulted in the loss of cognitive function. He remains unable to function independently.

The Stovers raised several claims in their complaint. Count I alleged that Charles William Camp was negligent in his operation of the Ford Ranger, and Charles and Dorothy Camp were negligent in permitting their grandson to drive without a license. Count II alleged that Smith Township and the named police officers violated a common law duty to regulate traffic reasonably. Count III claimed that the actions of the Township and the officers deprived the Stovers of their right to due process. Count IV charged the Smith Township Fire Department with negligently responding to the accident. The District Court dismissed Count III and remanded the remaining claims, all of which sounded in state law, to the Court of Common Pleas of Washington County, Pennsylvania.

The Stovers relied on the state-created danger doctrine to make out the constitutional violation alleged in Count III. Though there had been numerous accidents on Atlas-Cherry Valley Road, including some at the intersection in question, they alleged that it was not until after their accident that the Township gave notice to Pennsylvania's Department of Transportation and requested that changes be made to the road. The Stovers further claimed that the Township and the named police officers had knowledge of the dangerous conditions at the intersection, but failed to take reasonable and

appropriate action to prevent accidents. Finally, they alleged that Charles William Camp was not subject to "active enforcement" by the Township, despite his reputation for driving at high speeds and the suspension of his license. The Stovers contend that these conditions constituted a state-created danger that was the direct and proximate cause of the automobile accident in which they were injured.

We recently clarified the four elements required for a state-created danger claim in this Circuit:

> (1) the harm ultimately caused was foreseeable and fairly direct;
> (2) a state actor acted with a degree of culpability that shocks the conscience;
> (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006) (footnotes and internal quotation marks omitted).

These elements are not satisfied here. The Stovers have not alleged facts that demonstrate that they were foreseeable victims of the Township's failure to improve the roads in question or to prevent Charles William Camp from driving recklessly. The complaint shows only that the Township failed to protect the public in general from the type of harm the Stovers suffered. The Stovers argue that they were part of a group of

4

persons who regularly traveled on Atlas-Cherry Valley Road who were subject to a higher risk of injury than the public at large. But this hardly constitutes a "discrete class of persons subjected to the potential harm" that the Stovers suffered. *Id.* We thus agree with the District Court that the Stovers cannot satisfy the third requirement for application of the state-created danger doctrine.

The Stovers' constitutional claim also fails because they have not alleged that there was any action taken by state actors that created a danger to them. The essence of their claim is that the Township did nothing to make the intersection safer. Mere inaction by the state cannot, standing alone, form the basis for a constitutional claim. "It is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause." *Id.* at 282. There is no allegation that the Township and named police officers made the Stovers "more vulnerable to danger than had the state not acted at all," *id.* at 281, because the entire thrust of Count III is that the Township *failed to act*.

The Stovers argue that the Township affirmatively acted by taking specific responsibility for traffic control at the intersection of the accident. They urge that the combination of this action with the Township's subsequent failures to improve safety at the intersection rendered them more vulnerable to danger. However, merely taking charge of an intersection does not constitute the sort of action required under the state-created danger doctrine. *See id.* at 285 (holding that probation officer's confrontation with probationer did not constitute a sufficient exercise of state authority to support a

5

state-created danger claim).  The Due Process Clause imposes no affirmative duty on the state to protect citizens who are not in state custody.  *DeShaney v. Winnebago County Soc. Servs. Dept.*, 489 U.S. 189, 195 (1989).  In this case, while the Township "may have been aware of the dangers that [the Stovers] faced in the free world, it played no part in their creation, nor did it do anything to render [the Stovers] any more vulnerable to them."  *Id.* at 201.  "The most that can be said of the state functionaries in this case is that they stood by and did nothing when . . . circumstances dictated a more active role for them."  *Id.* at 203.  That is not a constitutional violation.

For the foregoing reasons, we will affirm the dismissal of Count III of the Stovers' complaint.