**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-3708

———————

MICHAEL S. HAMMON; AMY C. HAMMON,

Appellants

v.

KENNETT TOWNSHIP; SCUDDER G. STEVENS; RICHARD L. LEFF; ROBERT A.
HAMMAKER; ALBERT J. MCCARTHY

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.: 2:17-cv-01586)
District Judge: Honorable Gene E.K. Pratter

———————

Submitted under Third Circuit L.A.R. 34.1(a)
on July 10, 2018

(Opinion filed: August 22, 2018)

Before: SHWARTZ, NYGAARD, and RENDELL, *Circuit Judges*

**RENDELL**, *Circuit Judge*:

Michael and Amy Hammon (the "Hammons") appeal the District Court's order dismissing their 42 U.S.C. § 1983 complaint against Kennett Township, the township's board of supervisors, and Officer Albert McCarthy ("McCarthy") alleging a substantive due process violation based on theories of state-created danger and *Monell* liability, as well as various state laws claims.[1] We will affirm.

## I. Background

McCarthy was chief of police of Kennett Township.[2] In 2008, McCarthy hit his head on a steel beam and suffered a brain injury that caused him to have a seizure within 24 hours. McCarthy notified the township and continued to work. More than three years later, in October 2011, while driving a police cruiser on the job, McCarthy suffered an absent seizure and rear-ended another car. McCarthy immediately stopped driving and notified the township, the DMV, and the public. McCarthy worked with the township, resulting in his taking medical leave and his drivers license being suspended. McCarthy voluntarily submitted to neurological consults every three months after the initial accident. McCarthy was permitted to return to active duty following his medical leave, which included driving while on duty.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] The Hammons do not appeal the District Court's dismissal of the state law claims.
[2] McCarthy is the sole police officer in Kennett Township and therefore the chief of police.

Three years later, in April 2015, McCarthy had another seizure while driving on duty resulting in his vehicle striking Mr. Hammon's vehicle. Mr. Hammon sustained injuries from the accident, and sued Officer McCarthy, the township, and members of the township's board of supervisors.

## II. Standard of Review

We exercise plenary review over an order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maio v. Aetna, Inc.*, 221 F.3d 472, 481 (3d Cir. 2000). To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We accept as true all well-pleaded allegations, but disregard legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

## III. Analysis

### A. State-Created Danger Claim

To state a claim against an individual under § 1983, a plaintiff must show that the defendant (1) was a person who (2) under the color of state law (3) caused a (4) deprivation of constitutional rights. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). The Hammons claim that the township, supervisors, and McCarthy violated Mr. Hammon's substantive due process rights based on the theory of state-created

danger.[3] We analyze the state-created danger claim using the four element test set forth in *Morrow v. Balaski*, 719 F.3d 160, 177 (3d Cir. 2013). The four elements required for a successful state-created danger claim are: (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all. *Id.*

The District Court properly concluded that the Hammons failed to aver facts to support the second, third, and fourth elements of the state-created danger test. To determine whether the conduct 'shocks the conscience,' the deliberate indifference standard was applied. The elements of deliberate indifference are: (1) there is an unreasonable risk of a deprivation of rights; (2) that the supervisor or municipality was aware of the risk; (3) that they were indifferent to that risk; and (4) the failure to enact policies regulating that risk caused the deprivation of rights in this instance. *See Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989). The District Court properly found that the Hammons failed to allege deliberate indifference. The complaint did not plead that

---

[3] The Hammons also brought a substantive due process claim against McCarthy alone. There would be no analytical distinction between the § 1983 claim against the township, supervisors, and McCarthy, and the claim against McCarthy alone. Thus, no additional analysis of the substantive due process claim against McCarthy alone is needed.

McCarthy was barred from driving his vehicle when the 2015 accident occurred. Further, following the 2011 accident, McCarthy immediately stopped driving and notified the township, the DMV, and the public. McCarthy worked with the township, resulting in his taking medical leave and his drivers license being suspended. McCarthy voluntarily submitted to neurological consults every three months after the initial accident. Thus, the actions of the township, the supervisors, and McCarthy fail to shock the conscience.

The District Court properly determined that Mr. Hammon was not a foreseeable victim. To be a foreseeable victim, a plaintiff must be "part of an identifiable and discrete class of persons subject to the harm the state allegedly has created" and this element is not satisfied "[w]here the state actor creates only a threat to the general population." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 913-14 (3d Cir. 1997). The Hammons argued that because Mr. Hammon was a resident and taxpayer of the township, he was a member of a discrete class of drivers whom McCarthy would encounter while driving his police vehicle. However, we have held that drivers on a particular road are not identifiable. *See Stover v. Camp*, 181 F. App'x 305, 308 (3d Cir. 2006); *Solum v. Yerusalim*, No. CIV. A. 98-4056, 1999 WL 395720 (E.D. Pa. June 17, 1999), *aff'd* 211 F.3d 1262 (3d Cir. 2000). The alleged risk that McCarthy could suffer a seizure was not limited in scope and was directed toward the public in general. For these reasons, Mr. Hammon was not a foreseeable victim.

The District Court also properly applied the *Morrow* analysis in determining that allowing McCarthy to resume his duties was not an affirmative act on the part of the Appellees. "[M]erely restating the Defendants' inaction as an affirmative failure to act

5

does not alter the passive nature of the alleged conduct." *Morrow*, 719 F.3d at 179. Just as in *Morrow*, where the school's failure to expel the student was not an affirmative act, the failure to prevent McCarthy from driving while working is not an affirmative act. Allowing McCarthy to return to work does not constitute an affirmative act necessary to establish a state-created danger claim.

### B. *Monell* Claim

The Hammons' § 1983 claim against the township, the supervisors, and McCarthy will fare no better under *Monell*. In *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), the Supreme Court held a local government cannot be held liable under § 1983 under a theory of *respondeat superior*. Rather, "[i]ndividual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (second alteration in original) (citing *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). As noted above, to prove deliberate indifference, the plaintiff must prove the following elements: (1) there is an unreasonable risk of a deprivation of rights; (2) that the supervisor or municipality was aware of the risk; (3) that they were indifferent to that risk; and (4) the failure to enact policies regulating that risk caused the deprivation of rights in this instance. *Sample*, 885 F.2d at 1118.

The Hammons allege that Appellees (1) failed to adopt a policy, practice, or custom which prohibited the employment of a person with known medical conditions; (2)

6

adopted a policy, practice, or custom of not monitoring McCarthy's medical condition; and (3) adopted a policy, practice or custom of employing and continuing to employ a police officer who did not meet the state qualifications for the position. Further, the Hammons argue that they have averred sufficient facts to demonstrate deliberate indifference by the township, the supervisors, and McCarthy.

A municipality cannot be held liable where the plaintiff has experienced no violation of her constitutional rights. *See Brown v. Commonwealth of Pa. Dep't of Health Emergency Med. Servs. Training Inst.*, 318 F.3d 473, 482 (3d Cir. 2003). The Hammons have not demonstrated that their constitutional rights were violated because they have not shown that either a "special relationship" or state-created danger existed. Thus, the District Court properly dismissed the *Monell* claim.

### C. Denial of Leave to Amend Complaint

The Hammons also contend that the District Court erred in failing to provide the Hammons an opportunity to amend their complaint. When dismissing a complaint in a civil rights case, the District Court must *sua sponte* provide the plaintiff with an opportunity to amend the complaint, or make a finding that such an amendment would be futile or inequitable. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). The Hammons allege that information learned during discovery after their original complaint was filed would strengthen their stated claims.

The Third Circuit reviews a district court's denial of leave to amend for abuse of discretion. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1970). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a

curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236 (citation omitted). Based on this standard of review, and the Hammons' failure to articulate how any new additional facts would cure their complaint of the deficiencies analyzed above, we find that the denial of leave to amend was not an abuse of discretion. No additional information could make the Hammons' complaint satisfy each requirement of their federal claims. Thus the opportunity to amend their complaint would be futile and is not required.

## IV. Conclusion

For the foregoing reasons, we affirm the District Court's order granting a motion to dismiss.